UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD BROOMFIELD,<br><br>Defendant. | Case No.: 1:24-cr-00049 JLT<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(Doc. 4) |

Mr. Broomfield filed a motion seeking to terminate his supervised release after completing about three of the ordered ten years of supervised release. (Doc. 4) Mr. Broomfield reports that he owns his own business and terminating supervision "would enable him to better support his family." Though he has complied with supervision, for the reasons set forth below, the motion is **DENIED**.

**I. Analysis**

By the time he was granted compassionate release in 2021, Mr. Broomfield had spent approximately 26 years in prison related to trafficking PCP. (Doc. 4 at 3; Central District Case #: 2:95-cr-00165 Doc. 796.) He now contends that his has complied with the terms of supervision since being placed on supervised release in June 2021, has his own business and is supported by his family and the community. Doc. 4 at 3-4. He asserts that if supervision is terminated, he will be better able to support his family, "to obtain greater opportunities in his business and [to] feel

1

liberated from his past." *Id*. at 3. He argues that he has met all of the condition of his supervision and that "[n]either his probation officer nor the government oppose this motion." *Id*. at 3.

The government, however, *does* oppose the early termination of supervision as does his probation officer. (Doc. 7 at 2-3) The government argues that Mr. Broomfield has completed only 43 of the 120 months of supervision ordered (*Id.*) and his probation officer agrees that it is too soon to terminate supervision.

The Court acknowledges its discretion to terminate supervision early in this case. In considering the motion, the Court notes, first, that the underlying offense was serious, and Mr. Broomfield was identified as the leader of the criminal organization, which conspired to traffic PCP. (Central District Case #: 2:95-cr-00165 Doc. 865, quoting the Presentence Investigation Report ¶ 80.) He had been involved in the criminal justice system since 1980, while still a juvenile, and suffered repeated convictions before the one at issue. *Id*. at 14, citing ¶¶ 108, 113, 117, 120 of the Presentence Investigation Report.

Mr. Broomfield attests that the federal sentence "changed him profoundly and set him on the stable path that he is on today." (Doc. 4 at 4) Though the Court has no information that Mr. Broomfield has not complied with the terms of his supervision, that is the minimum that is expected of him. The fact that supervision costs the government money, likewise, is not enough to justify granting of the motion. If these two facts were enough, every person compliant with terms of supervision would be entitled to early termination.

Given the relatively short time that Mr. Broomfield has been on supervision, his compliance thus far is not sufficient evidence to show that the public would be adequately protected or that the interests of justice warrant the relief sought here. Thus, after considering the § 3553(1) and § 3583(e)(1) factors, the motion for early termination of supervised release is **DENIED**.

IT IS SO ORDERED.

Dated:     **January 27, 2025**

UNITED STATES DISTRICT JUDGE